UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LOLISA McGOWAN,

        Plaintiff,

v.                                       Case No:  8:15-cv-1892-T-35AEP

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

        Defendant.

_____/

**REPORT AND RECOMMENDATION**

Plaintiff seeks judicial review of the denial of her claim for Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

**I.**

**A.   Procedural Background**

Plaintiff filed an application for SSI. (Tr. 257–59.)  The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 161–63; 167–69.)  Plaintiff then requested an administrative hearing. (Tr. 173.)  Per Plaintiff's request, the ALJ held a hearing in April 2009 at which Plaintiff appeared and testified. (Tr. 89–122.)  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 126–140.)  Subsequently, Plaintiff requested review from the Appeals Council, which denied the request. (Tr. 141–44.) Plaintiff then requested in 2011 that the Appeals Council vacate its order. (Tr. 385–88.) In 2013, the Appeals Council vacated its order and remanded to the ALJ. (Tr. 157–60.) The ALJ held a hearing in October 2013 at which

Plaintiff appeared and testified. (Tr. 42–88.) Following the hearing, the ALJ again issued an

unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for

benefits. (Tr. 16–41.) Subsequently, Plaintiff requested review from the Appeals Council,

which the Appeals Council denied in June 2015. (Tr. 1–3.) Plaintiff then timely filed a

complaint with this Court. (Doc. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g)

and 42 U.S.C. § 1383(c)(3).

### B.      Factual Background and the ALJ's Decision

Plaintiff, who was born in 1967, claimed disability beginning August 1, 2003. (Tr. 275.)

Plaintiff has some high school education. (Tr.  93.)  Plaintiff reported prior employment as a

cashier, file clerk, hostess, housekeeper, mail clerk, server, telemarketer, and in maintenance.

(Tr. 279–80; 358.)   However, Plaintiff has no past relevant work. (Tr. 32.) Plaintiff alleged

disability due to skin cancer and depression. (Tr. 279.)

In rendering the administrative decision, the ALJ concluded that Plaintiff had not

engaged in substantial gainful activity since September 29, 2006, the alleged onset date. (Tr.

21.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined

Plaintiff had the following severe impairments: cervical spine diffuse degenerative disc disease

with herniated nucleus pulposus and stenosis; mycosis fungoides; obesity in the past; and

depression with generalized anxiety disorder with a history of drug and alcohol abuse.  (Tr. 21.)

Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an

impairment or combination of impairments that met or medically equaled one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 22.)  The ALJ then concluded

that Plaintiff retained a residual functional capacity ("RFC") to:

> [P]erform medium work as defined in 20 CFR 416.967(c), except she is limited
> to frequent reaching with the upper extremities as opposed to repetitive or
> constant; she is limited to frequent exposure to extreme heat such as direct
> sunlight, as opposed to repetitive or constant; and she is limited to understanding

and carrying out simple, routine, repetitive instructions and procedures and tasks with the ability to adjust to simple changes in the work setting and to make basic decisions; she is limited to no more than frequent interaction with the public; and she cannot work in places where drugs or alcoholic beverages are available.

(Tr. 24.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely credible (Tr. 26.)  Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform past relevant work because she has no past relevant work. (Tr. 32.)  Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a laundry worker, cleaner, and hand packager. (Tr. 33.)   Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 33.)

**II.**

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.  42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect.   These regulations establish a

3

"sequential evaluation process" to determine whether a claimant is disabled.   20 C.F.R.

§§ 404.1520, 416.920.   If an individual is found disabled at any point in the sequential review,

further inquiry is unnecessary.   20 C.F.R. §§ 404.1520(a), 416.920(a).   Under this process, the

ALJ must determine, in sequence, the following:   whether the claimant is currently engaged in

substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that

significantly limits the ability to perform work-related functions; whether the severe

impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1;

and whether the claimant can perform his or her past relevant work.   If the claimant cannot

perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ

to decide if the claimant can do other work in the national economy in view of his or her age,

education, and work experience.   20 C.F.R. §§ 404.1520(a), 416.920(a).   A claimant is entitled

to benefits only if unable to perform other work.   *Bowen v. Yuckert*, 482 U.S. 137, 140–42

(1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld

if it is supported by substantial evidence and comports with applicable legal standards.   *See* 42

U.S.C. §§ 405(g), 1383(c)(3).   Substantial evidence is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389,

401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation

marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).   While the court reviews

the Commissioner's decision with deference to the factual findings, no such deference is given

to the legal conclusions.   *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th

Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or

substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient

reasoning for determining that he or she has conducted the proper legal analysis, mandates

reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether

the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221

(11th Cir. 2002).

### III.

Plaintiff argues here that the ALJ erred by: (A) failing to give proper weight to medical

opinions and third parties; (B) improperly evaluating impairments; (C) failing to properly

determine the RFC; (D) using an incomplete hypothetical as a basis for the decision; and (E)

failing to use the Eleventh Circuit Pain Standard. For the reasons that follow, the ALJ applied

the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. ALJ accorded proper weight to medical opinions and third parties

Plaintiff argues that the ALJ failed to give proper weight to all physicians' opinions and

improperly weighed the opinions of treating and consultative doctors. Specifically, the Plaintiff

contends that the ALJ failed to mention the weight given to Dr. Paul Zak, Dr. Dennis Burrill,

and Suncoast Center for Community Mental Health. Plaintiff also maintains that the ALJ was

vague in describing the weight given to Dr. Melissa Trimmer and Dr. Daniel Van Ingen.

In assessing medical evidence, the ALJ must state with particularity the weight given to

all relevant medical opinions. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir.

2011) (citation omitted). The Social Security regulations provide guidelines for the ALJ to

employ when evaluating medical opinion evidence. *See* 20 C.F.R. §§ 404.1527, 416.927. In

determining the weight to afford a medical opinion, the ALJ considers a variety of factors,

5

including, but not limited to, the examining relationship, the treatment relationship, whether an

opinion is well-supported, whether an opinion is consistent with the record as a whole, and the

area of the doctor's specialization.  20 C.F.R. §§ 404.1527(c), 416.927(c).

Plaintiff contends that the ALJ failed to mention the weight given to Dr. Paul Zak, the

orthopedic surgeon who saw Plaintiff one time.  The Eleventh Circuit has held that the opinions

of one-time examiners "are not entitled to deference because as one-time examiners they were

not treating physicians." *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. Apr. 13, 1987). *See

also*, *Denomme v. Comm'r Soc. Sec. Admin.*, 518 F. App'x 875, 877 (11th Cir. 2013). Dr. Zak

saw Plaintiff once for a spine surgery consultation and rendered no opinion about her work-

related limitations. (Tr. 747.)  Although Dr. Zak noted that Plaintiff is "indicated" for surgery

if she failed to improve with nonoperative care or her pain became intolerable (Tr. 752),

Plaintiff did not identify any records demonstrating her actual need for surgery or that she

sought subsequent treatment from Dr. Zak.  Still, the ALJ considered Dr. Zak's examination in

assessing the severity of Plaintiff's impairment along with other medical evidence, such as an

MRI scan. (Tr. 29.) Thus, the ALJ's failure to explicitly articulate the weight afforded to Dr.

Zak's opinion does not warrant remand since it is clear that the ALJ properly considered such

opinion, did not discount the opinion or findings in any way, and the opinion and findings

comport with the ALJ's findings.  *See Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987)

(stating that an ALJ is not necessarily required to use particular phrases or formulations but

must make clear what statutory and regulatory requirements the ALJ applies). Further, any error

regarding the failure to expressly state the weight afforded to Dr. Zak was harmless because a

one-time examiner is not entitled to any deference, and the ALJ's ultimate conclusion was based

on substantial evidence.

Plaintiff contends that the ALJ failed to specify the weight given to Dr. Dennis Burrill, a chiropractor who treated Plaintiff after a car accident. The Social Security Administration uses acceptable medical sources to establish the existence of a medical impairment. 20 C.F.R. §§ 404.1513(a), 416.913(a). A chiropractor is not listed as an acceptable medical source and the chiropractor's evidence cannot establish an impairment; therefore, the ALJ is not required to provide the weight given to the chiropractor opinion. Although the ALJ considered the chiropractor's records, he also considered medical evidence from a variety of acceptable sources to assess the residual functional capacity. Thus, the ALJ's ultimate conclusion was based on substantial evidence.

Plaintiff asserts that the ALJ failed to state the weight of medical opinions in the evidence from Suncoast Center for Community Mental Health and "other medical opinions of record." (Doc. 19 at 8.) Further, the Plaintiff alleges that the ALJ failed to state the weight given to the psychological exams performed by Dr. Trimmer and Dr. Van Ingen. However, these arguments are without merit for several reasons. First, because Plaintiff failed to allege with specificity which "other" medical opinions should be given weight, the argument is waived. *Outlaw v. Barnhart*, 197 Fed. App'x. 825, 828 n.3 (11th Cir. 2006). Second, the ALJ gave the opinions of Dr. Trimmer and Dr. Van Ingen "some weight," noting that their opinions were vague yet consistent with the record. (Tr. 31–32.) Third, similar to Dr. Zak's opinion, the opinions of Dr. Trimmer and Dr. Van Ingen are not entitled to special consideration because they are one-time examiners. *Denomme*, 518 F. App'x at 877. Thus, the ALJ properly considered the records from Suncoast Center and other providers.

Lastly, Plaintiff contends that the ALJ improperly weighed the reports of third parties, specifically of Mr. T. Ryan Thompson, Ms. Rhonda Eyring, and Mr. Eric McClendon. An ALJ "may use" third party (non-medical source) information and observations in determining a

claimant's RFC and assessing credibility. 20 C.F.R. §§ 404.1513(d)(4), 416.913(d)(4).

Notably, the regulations do not mandate use of the non-medical source evidence, nor do they

require the ALJ to explain the weight he gave to such informants. *Id.*; S.S.R. 06-03p, 2006 WL

2329939, at *2–*3, *6 (S.S.A. Aug. 9, 2006) (explaining that there is a distinction between

what an adjudicator must consider and what an adjudicator must explain in his decision). Thus,

the regulation is permissive regarding the use of third-party information. Further, the ALJ must,

of course, consider all of the evidence of record, but the ALJ is not required to refer to every

piece of evidence in his decision. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)

(citation omitted). Here, the ALJ analyzed the parties' opinions, found them to be consistent

with the record, and gave them some weight. (Tr. 30.) Thus, the ALJ properly considered the

opinions and incorporated them into the Plaintiff's limitations. (Tr. 24.)

### B. The ALJ properly evaluated impairments

The Plaintiff has challenged the ALJ's findings of impairments, asserting that the ALJ

(1) failed to recognize all impairments—specifically symptoms of diminished concentration

and memory, lower back pain, and fatigue—and their severity, and (2) used improper analysis

to determine effect of obesity.

To establish a medically determinable impairment, the ALJ must rely on evidence from

acceptable medical sources. 20 C.F.R. § 419.913. Indeed, this step of the ALJ's analysis

operates as a threshold inquiry. *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986); *see*

*Gray v. Comm'r of Soc. Sec.*, 550 Fed. App'x 850, 853 (11th Cir. 2013) (*per curiam*).  At step

two of the sequential evaluation process, a claimant must show that he or she suffers from an

impairment or combination of impairments that significantly limits his or her physical or mental

ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1521,

416.920(a)(4)(ii), 416.921.  A claimant need show only that his or her impairment is not so

slight and its effect is not so minimal that it would clearly not be expected to interfere with his or her ability to work. *McDaniel*, 800 F.2d at 1031; *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir.1984) (*per curiam*).  "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality."  *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986).  In other words, an impairment or combination of impairments is not considered severe where it does not significantly limit the claimant's physical or mental ability to perform basic work activities.  20 C.F.R. §§ 404.1521(a), 416.921(a); *Turner v. Comm'r of Soc. Sec.*, 182 Fed. App'x 946, 948 (11th Cir. 2006) (*per curiam*).

Notably, however, the finding of *any* severe impairment, whether or not it results from a single severe impairment or a combination or impairments that together qualify as severe, is enough to satisfy step two.  *Bowen*, 814 F.2d at 588; *see Packer v. Comm'r, Soc. Sec. Admin.*, 542 Fed. App'x 890, 892 (11th Cir. 2013) (*per curiam*) ("[T]he ALJ determined at step two that at least one severe impairment existed; the threshold inquiry at step two therefore was satisfied); *see Heatly v. Comm'r of Soc. Sec.*, 382 Fed. App'x 823, 824–25 (11th Cir. 2010) (*per curiam*) (noting that an ALJ's failure to identify an impairment as severe, where the ALJ found that the plaintiff suffered from at least one severe impairment, constituted harmless error and was, in fact, sufficient to meet the requirements of step two, and additionally noting that nothing requires the ALJ to identify, at step two, all of the impairments that could be considered severe).

Here, the ALJ satisfied the step two threshold by finding that Plaintiff had the following severe impairments: cervical spine diffuse degenerative disc disease with herniated nucleus pulposus and stenosis; mycosis fungoides; obesity in the past; and depression with generalized anxiety disorder with a history of drug and alcohol abuse.  (Tr. 21.)  But Plaintiff asserts that there are three other conditions that should have been considered.

First, Plaintiff contends that her concentration and memory were adversely impacted as a result of the depression and anxiety. Although medical records noted that Plaintiff's concentration, memory, and attention were often intact (Tr. 495, 501, 505, 568), Dr. Steven Wise's psychiatric review (Tr. 684) and affirmation by Dr. Susan Shapiro (Tr. 688) determined that Plaintiff had moderate limitations in these areas. The ALJ gave Drs. Wise and Shapiro "significant probative weight," and found that Plaintiff had moderate difficulties in concentration. (Tr. 23.)  Second, Plaintiff contends that her lower back pain should have been considered.  To the contrary, there was no objective medical evidence regarding lower back pain. (Tr. 22.)  There also was no evidence that Plaintiff's ability to walk was consequently impaired. Thus, the ALJ found that there was no lower back impairment. Third, Plaintiff argues that the ALJ failed to acknowledge mycosis fungoides-related fatigue. However, the ALJ considered the fatigue when evaluating Plaintiff's subjective complaints, specifically the intensity and persistence of her symptoms and their effect on Plaintiff's ability to work. (Tr. 25–26.) The ALJ found Plaintiff to be unpersuasive during her testimony at the hearing—using no assistive devices, having no difficulty walking, exhibiting normal posture and motor behavior, demonstrating alertness and interacting coherently. (Tr. 26.) Further, the ALJ noted Plaintiff's poor earnings history and inconsistent statements. (Tr. 26.) Thus, the ALJ properly analyzed Plaintiff's claims of impaired concentration and memory, lower back pain, and fatigue.

Turning to Plaintiff's claim about the ALJ's improper analysis of obesity, the undersigned finds the argument fails. Plaintiff alleges that the ALJ should have considered the impact of obesity on her cervical and mental impairments. The ALJ found supporting medical evidence indicating that Plaintiff was obese during part of the disability period. Thus, the ALJ considered the potential impact of the obesity on other impairments claim under Social Security

Ruling 02-1p, which discusses the Social Security Administration's evaluation of obesity. S.S.R. 02-1p, 2002 WL 34686281 (Sept. 12, 2002). (Tr. 29.) Here, the ALJ also considered obesity as a possible contributing factor to other impairments, including cardiovascular, respiratory, musculoskeletal impairments. Based on the medical record, the ALJ determined that there were no murmurs or gallops to suggest cardiovascular impairments, Plaintiff's lungs were clear, and there were some abnormalities during musculoskeletal examinations. (Tr. 29.) Thus, the undersigned finds no defect in the ALJ's analysis. As discussed above, the ALJ properly analyzed Plaintiff's mental impairments, along with musculoskeletal impairments and obesity, to determine the RFC. (Tr. 21–22, 26–27, 29–30.) Further, Plaintiff offered no medical evidence that demonstrated her obesity caused limitations beyond those in the RFC. Therefore, undersigned finds that the ALJ's decision was based on substantial evidence.

Accordingly, since the ALJ determined that Plaintiff suffered from multiple severe impairments at step two, and thus proceeded beyond step two in the sequential analysis, any error in failing to find that Plaintiff suffered from other severe impairments is rendered harmless. *Gray*, 550 Fed. App'x at 853–54 (11th Cir. 2013) (*per curiam*); *Packer*, 542 Fed. App'x at 892; *Heatly*, 382 Fed. App'x at 824–25. The ALJ used the proper standards to analyze impairments. Further, the undersigned finds that the ALJ did not err because the ALJ appropriately addressed the issues surrounding Plaintiff's concentration and memory, lower back pain, fatigue, and obesity in the discussion about Plaintiff's RFC. (Tr. 25–31.)

### C. The ALJ properly determined the RFC

Plaintiff has alleged the ALJ failed to properly apply Social Security Ruling 96-8p to the RFC analysis. To determine a claimant's RFC, an ALJ makes an assessment based on all of the relevant evidence of record as to what a claimant can do in a work setting despite any physical or mental limitations caused by the claimant's impairments and related symptoms. 20

11

C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). In rendering the RFC, therefore, the ALJ must consider the medical opinions in conjunction with all of the other evidence of record and will consider all of the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e), 416.920(e), 416.945(a)(2) & (e); *see Jamison*, 814 F.2d at 588 (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

In explaining the RFC assessment, the ALJ is required to discuss the claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuous basis." S.S.R. 96-8p, 1996 WL 374184, at *3 (S.S.A. July 2, 1996). A regular and continuous basis is defined as an 8-hour per day, 5 day-a-week work schedule, or the equivalent. *Id.* at *1. Further, "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." *Id.* Therefore, in denying disability benefits, the evidence must show that the claimant can perform work on a regular and continuing basis.

Here, Plaintiff simply suggests that the Court should reweigh the evidence. Such a suggestion is insufficient to overcome the ALJ's proper analysis to determine the RFC. The ALJ conducted the appropriate analysis by assessing Plaintiff's symptoms, objective medical evidence, other evidence, and impairments as required by law. (Tr. 24–32.) Further, Plaintiff offered no evidence that her concentration and memory, lower back pain, fatigue, and obesity further limited her capacity to perform other jobs than what was already accommodated for in the RFC. The ALJ provided for Plaintiff's mental impairments, including moderate difficulties in concentration, by limiting her to "simple, routine repetitive instructions and procedures," tasks that require only basic decisionmaking and, at maximum, frequent interaction with the public (Tr. 24.) The ALJ accommodated for any musculoskeletal deficiencies, including resulting limitations of lower back pain, by limiting her to frequent, rather than repetitive or

12

constant, reaching. (Tr. 24.) Plaintiff disagrees with the decision, but offers no evidence that the analysis was flawed or that there are limitations beyond those noted by the ALJ. Finding no deficiency in the RFC assessment, the undersigned finds that the ALJ's decision was based on substantial evidence.

### D.  The ALJ's hypothetical to the VE was complete

The Plaintiff challenges the completeness of the hypothetical provided to the VE, specifically alleging that some limitations discussed by Dr. Trimmer and Dr. Van Ingen were omitted, as was information about the concentration impairment.

At this stage of review, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). To help determine whether the Plaintiff could perform other work, the ALJ is sometimes required to consult with a VE. *Phillips*, 357 F.3d at 1243.

If the ALJ utilizes the testimony of a VE, the ALJ must pose an accurate hypothetical to the VE that takes into account all of the claimant's impairments. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1270 (11th Cir. 2007) (citation omitted). When the ALJ properly rejects purported impairments or limitations, the ALJ need not include those findings in the hypothetical posed to the VE. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("[T]he ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported").

Here, the ALJ posed hypotheticals to the VE, whose testimony was used. The hypotheticals were based on limitations—including the moderate limitation on concentration— described in the RFC finding. Because the hypothetical included all of the limitations in the

RFC, the ALJ properly posed an accurate hypothetical. As discussed previously, the opinions
Dr. Trimmer and Dr. Van Ingen, were given some weight by the ALJ and their opinions about
some limitations were accounted for in the RFC. However, neither doctor opined about the
particular limitations that Plaintiff alleges were omitted; thus, the ALJ properly rejected any of
those purported impairments or limitations.

### E.  The proper Eleventh Circuit pain standard was used

In addition to the objective evidence of record, the Commissioner must consider all of
the claimant's symptoms, including pain, and the extent that the symptoms are consistent with
objective medical and other evidence. *See* 20 C.F.R. §§ 404.1529, 416.929. In social security
disability cases, credibility determinations fall within the province of the ALJ.  *Moore v.
Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (*per curiam*). Typically, the ALJ makes
credibility determinations regarding a claimant's subjective complaints and must provide
specific reasons for the credibility finding.  *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.
1991) (*per curiam*).

To establish disability based on subjective symptoms, such as pain, the claimant must
provide evidence of an underlying medical condition and either (1) objective medical evidence
that confirms the severity of the alleged symptoms or (2) that the objectively determined
medical condition can reasonably be expected to give rise to the alleged symptoms. *Wilson*, 284
F.3d at 1225–26; *see also* 20 C.F.R. §§ 404.1529, 416.929; *Landry v. Heckler*, 782 F.2d 1551,
1553 (11th Cir. 1986) (*per curiam*). If no medical evidence confirms the severity of the alleged
symptoms, the ALJ must then evaluate the intensity and persistence of the claimant's alleged
symptoms and their effect on the claimant's ability to work. 20 C.F.R. §§ 416.929(c), (d). When
an ALJ discredits the subjective testimony of the claimant, the ALJ must articulate the reasons

14

for doing so explicitly and adequately. *Wilson*, 284 F.3d 1219 at 1225; *Foote v. Chater,* 67 F.3d 1553, 1561–62 (11th Cir. 1995).

Here, Plaintiff alleges that the ALJ employed "sit and squirm" jurisprudence by using Plaintiff's grooming, gait, and demeanor at the administrative hearing as the basis for the ALJ's decision. However, Plaintiff's argument fails. In considering a claimant's subjective complaints, an ALJ is not prohibited from considering a claimant's appearance and demeanor during the administrative hearing. *Macia v. Bowen*, 829 F.2d 109, 1011 (11th Cir. 1987). Indeed, an ALJ may consider a claimant's demeanor but may not discredit the claimant's testimony solely on that basis. *Id.* Instead, an ALJ should consider all of the evidence in making a credibility determination. *Id.* In the instant case, the ALJ used Plaintiff's appearance and demeanor at the hearing as one of several factors influencing the ALJ's conclusion. The ALJ also considered Plaintiff's daily activities and explicitly articulated the reasons for discrediting the Plaintiff's statements regarding the intensity, persistence, and functionally limiting effects of her pain and other symptoms, including fatigue. (Tr. 26–27.)  When making a credibility determination, the ALJ may consider whether any inconsistencies exist in the evidence and the extent to which any conflicts exist between a claimant's statements and the rest of the evidence. 20 C.F.R. § 416.929(c)(4).  The ALJ found such inconsistencies and discredited her subjective testimony.  For example, the ALJ found that the claimant reported no problems with personal care, caring for her children, paying bills, counting change, handle a savings account, use a checkbook, prepare meals, do chores, drive a car, attend classes several days a week, and other daily living activities, contrary to her claims about her symptoms. (Tr. 26–27.)  Also, she often failed to mention many of her alleged symptoms on numerous occasions. (Tr. 29.)  In analyzing Plaintiff's subjective testimony, the ALJ properly evaluated Plaintiff's statements about her symptoms to determine credibility and explicitly articulated reasons for discrediting Plaintiff's

testimony. When a clearly articulated credibility finding with substantial supporting evidence is in the record, a reviewing court will not disturb it. *Foote*, 67 F.3d at 1562.

## IV.

Accordingly, after due consideration and for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be affirmed.

2. The Clerk be directed to enter final judgment in favor of the Commissioner and close the case.

IT IS SO REPORTED in Tampa, Florida, on this 1st day of February, 2017.

ANTHONY E. PORCELLI
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.


cc:     Hon. Mary S. Scriven
        Counsel of Record