UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LOLISA MCGOWAN,**

    **Plaintiff,**

v.                                                                                    Case No. 8:15-cv-1892-T-35AEP

**CAROLYN W. COLVIN,**
**Commissioner of Social Security,**

    **Defendant.**
_____/

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's complaint seeking review of the denial of her claim for Supplemental Security Income (SSI) benefits. (Dkt. 1) On February 1, 2017, the Magistrate Judge issued a report recommending that the decision of the Commissioner be affirmed. (Dkt. 21) Plaintiff timely filed objections and the Commissioner filed a response. (Dkts. 25, 27) Upon consideration, the Court **REJECTS-IN-PART** the report and recommendation, **REVERSES-IN-PART** the Commissioner's decision, and **REMANDS** to the Commissioner for immediate payment of SSI benefits.

**I.    LEGAL STANDARDS**

A district court may accept, reject, or modify a report and recommendation after conducting a careful review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of

specific objections, the district court is not required to review factual findings *de novo*. Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993). The district court reviews legal conclusions *de novo,* even in the absence of an objection. Cooper-Houston v. S. Ry., 37 F.3d 603, 604 (11th Cir. 1994).

The Court reviews the Commissioner's decision to determine if it is supported by substantial evidence and is based upon proper legal standards. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id.

## II.  DISCUSSION

Plaintiff raises a number of objections to the Magistrate Judge's thorough report. But only one issue requires extended discussion. Plaintiff argues that the ALJ failed to properly evaluate Plaintiff's need for frequent absences from work due to her mycosis fungoides, a form of cutaneous lymphoma. (Dkt. 19 at 19, 32-33, 38-39; Dkt. 24 at 9) Plaintiff is correct.[1]

On July 15, 2011, a radiation oncologist recommended that Plaintiff receive photochemotherapy. (Tr. 808) By December 22, 2011, Plaintiff was continuing to receive photochemotherapy three times a week as part of a "prolonged course" of treatment. (Tr. 791-792) Records from Pinellas Technical Education Center (PTEC) establish that Plaintiff's therapy interfered with her class attendance beginning in at least January 2012. (Tr. 826)

---

[1] Although Plaintiff does not raise the issue on appeal, the ALJ also failed to expressly address whether Plaintiff met Listing 13.05, which applies to lymphoma, including mycosis fungoides. (See Tr. 22)

2

On April 15, 2013, Plaintiff's dermatopathologist, Dr. Neil Fenske, opined that Plaintiff "is receiving light therapy 2-3 times per week and must have time off from training to complete these treatment sessions." (Tr. 832) Based on Dr. Fenske's opinion, Plaintiff received an accommodation at PTEC for "50% attendance" pursuant to Section 504 of the Rehabilitation Act. (Tr. 828-829)

At the hearing on October 29, 2013, Plaintiff testified that she was still traveling to Moffitt Cancer Center for treatment three days a week. (Tr. 62) Plaintiff further testified that because her disease is not curable, she did not know when her treatment would end. (Id.) The vocational expert testified that Plaintiff would be unemployable if she were unable to attend work fifty percent of the time or, alternatively, if she were absent from work at least two times a month. (Tr. 83-84, 86-87)

In the written decision, the ALJ acknowledged Plaintiff's testimony that "she has phototherapy for her skin disorder multiple times each week." (Tr. 25) The ALJ also observed that providers at Moffitt Cancer Center first recommended treatment on July 15, 2011. (Tr. 28) But the ALJ failed to acknowledge subsequent record evidence establishing that Plaintiff received weekly photochemotherapy over at least a two-year period. Likewise, the ALJ failed to recognize Dr. Fenske's specific opinion that Plaintiff required "time off" to receive treatment "2-3 times per week." (Tr. 832) Instead, the ALJ merely stated that Dr. Fenske and PTEC allowed Plaintiff unspecified "accommodations."[2] (Tr. 30-31)

---

[2] At the hearing, the ALJ recognized that accommodations provided under the Rehabilitation Act are not dispositive in a claim for SSI benefits. (Tr. 82-83); Cleveland v. Policy Mgmt. Sys. Corp., 526 U.S. 795, 803 (1999) (ADA case). However, Dr. Fenske's specific opinion that Plaintiff required "time off" for treatment "2-3 times per week" plainly supports Plaintiff's allegation that she received treatment "multiple times each week."

3

Even if Plaintiff's subjective complaints were not fully credible, as the ALJ ultimately found (Tr. 26-27, 29, 32), the ALJ pointed to no evidence calling into question the objective fact that Plaintiff was receiving photochemotherapy two to three times a week on a prolonged and continuous basis. The ALJ was not permitted to ignore objective medical evidence when assessing Plaintiff's residual functional capacity. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986) (reversing the ALJ's decision with instructions to grant the application for benefits where the ALJ ignored objective medical evidence). Because the ALJ failed to include a limitation to account for Plaintiff's necessary absences from work, the ALJ's assessment of Plaintiff's residual functional capacity is not supported by substantial evidence. Lewis v. Callahan, 125 F.3d 1436, 1440-41 (11th Cir. 1997) (reversing the ALJ's decision with instructions to pay benefits where the residual functional capacity was not supported by substantial evidence).

Moreover, the evidence reviewed above conclusively establishes that Plaintiff is unable to perform work on a full-time basis. Lewis, 125 F.3d at 1441. Plaintiff's need for frequent absences from work is undisputed, and the vocational expert correctly testified that frequent absences would render Plaintiff unemployable in the national economy. (Tr. 84, 86-87) Accordingly, the record establishes that Plaintiff is disabled as of July 15, 2011, and the Court remands for immediate payment of SSI benefits based on an onset date of July 15, 2011. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (holding that a court may order immediate payment of benefits when the Commissioner "has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt"); see also Lewis, 125 F.3d at 1441 (holding that

the claimant continued to be disabled after a certain date); Branham v. Heckler, 775 F.2d 1271, 1274 (4th Cir. 1985) (modifying the claimant's onset date).

In reaching this decision, the Court notes that Plaintiff alleges an onset date of August 1, 2003.  (Tr. 159, 257, 355)  However, the primary issues raised in this appeal do not relate to the early period of Plaintiff's alleged disability. For instance, the record documents no significant earlier treatment for mycosis fungoides.  And although Plaintiff forcefully challenges the ALJ's assessment of her cervical impairment, the relevant evidence dates from 2013.  (See e.g., Dkt. 24 at 1-4)  Because the Court already has determined that Plaintiff is disabled as of July 15, 2011, the Court declines to separately address the ALJ's assessment of Plaintiff's cervical impairment.

To the extent that Plaintiff raises additional objections to the Magistrate Judge's thorough report, the Court has performed a careful *de novo* review of the file and finds that the remaining objections are without merit.

## III.   CONCLUSION

A district court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).  Upon consideration, it is hereby **ORDERED** that:

(1)  The Magistrate Judge's report and recommendation (Dkt. 21) is **REJECTED IN PART**, for the reasons explained above, and otherwise **ADOPTED IN PART**.

(2)  Pursuant to 42 U.S.C. § 405(g), the decision of the Commissioner of Social Security is **REVERSED IN PART** and **AFFIRMED IN PART**.  The Court **REMANDS** this case to the Commissioner for the immediate calculation and payment of SSI benefits, based on an onset date of July 15, 2011.

(3)  The Clerk is directed to enter judgment in favor of Plaintiff and to **CLOSE** this case.  The Court retains jurisdiction to rule on any motion for attorneys' fees.

**DONE and ORDERED** in Tampa, Florida, this 14th day of March 2017.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record